## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 7195 | **DATE** | 1/31/2008 |
| **CASE TITLE** | Olden-Coe vs. Wendy's Int'l, Inc. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Ms. Olden-Coe's application for leave to proceed *in forma pauperis* (DE 4) is denied without prejudice. Ms. Olden-Coe is directed either to (1) file by 2/14/08 an amended financial statement providing further information as to (a) the amount of equity, if any, in her home and (b) her current sources of income, if any, or (2) pay the $350 filing fee to the Clerk of the Court by 2/21/08. If Ms. Olden-Coe files an amended financial statement by 2/14/08, she need not pay any filing fee with the Clerk of the Court until further order of this Court. Ms. Olden-Coe's motion for appointment of counsel (DE 5) is entered and continued at present, with a ruling to be made after final resolution of the application for leave to proceed *in forma pauperis*.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

*Pro se* plaintiff Angel Olden-Coe has filed a complaint (DE 1) alleging employment discrimination, specifically alleging that her former employer, Wendy's International, Inc., discriminated against her on the basis of race and sex in violation of Title VII of the Civil Rights Act of 1964 and on the basis of disability in violation of the Americans with Disabilities Act. Ms. Olden-Coe received Notices of Right to Sue from the United States Equal Employment Opportunity Commission that were issued on September 24, 2007, and October 30, 2007. She timely filed her complaint in this Court on December 21, 2007.

Along with her complaint, Ms. Olden-Coe filed an application for leave to proceed *in forma pauperis* ("IFP"), along with a supporting financial affidavit (DE 4) and a motion for appointment of counsel (DE 5). Under 28 U.S.C. § 1915(a), the court may grant plaintiffs IFP status if they are unable to pay the prescribed court fees. However, the inquiry does not end there. Under 28 U.S.C. § 1915, the court should also, upon application for leave to proceed *in forma pauperis*, conduct an initial review of the plaintiff's claims and dismiss the action upon a finding that (1) the action is frivolous or malicious, (2) it fails to state a claim for which relief can be granted, or (3) petitioner seeks damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Alston v. Debryun,* 13 F.3d 1036, 1039 (7th Cir. 1994). The Court applies the same standards as if it were an ordinary dismissal under Fed. R. Civ. P. 12(b)(6). We address both in turn.

First, in her financial affidavit, Ms. Olden-Coe states that she has been unemployed since October 2007, but that prior to that she was working at Taco Bell earning $4,200 per month gross income. She also notes that she had been receiving $1,100 per month of disability income from December 2002 to September 2007. Ms. Olden-Coe also lists as assets a home that she owns valued at $180,000, on which she has monthly mortgage payment of $1,400, and an automobile worth $8,000. She has three minor children who depend on her for

**STATEMENT**

support. The financial affidavit does not indicate the amount of equity that Ms. Olden-Coe has in her home.

While Ms. Olden-Coe need not be penniless in order to qualify for *in forma pauperis* status under 28 U.S.C. § 1915(a)(1), she must satisfy the Court that payment of the $350.00 filing fee will prevent her from providing life's necessities. *See Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980) (citing *Adkins v. E.I. duPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). Here, although Ms. Olden-Coe appears not to have a steady source of income at this time, within the past six months she held a job that paid approximately $50,000 per year and lists ownership interests in a home and other personal property that suggest a waiver of the presumptive filing fee may be inappropriate. *See*, *e.g.*, *Holmes v. Read Mental Health Center*, No. 97-4189, 1997 WL 567842, at *2 (N.D. Ill. Sept. 5, 1997) (denying an IFP application where the plaintiff, though unemployed at the time, had bank accounts with balances $7,900,00 and $8,600.00, and received social security payments); *Dean v. Ocwen Fed'l Bank*, No. 98-970, 1998 WL 433759, at *1-*2 (N.D. Ill. July 29, 1998) (denying motion to appoint counsel where, *inter alia*, plaintiff owned cars with a combined value of $18,000 and a home with $35,000 in equity in it). Based on the financial affidavit filed with Ms. Olden-Coe's application, the Court lacks a basis for finding that Ms. Olden-Coe is indigent and that the payment of the filing fee would prevent her from providing life's necessities for herself and her dependents. Accordingly, the Court denies without prejudice the application for leave to proceed *in forma pauperis* at this time. The Court directs Ms. Olden-Coe either to (1) file by 2/14/08 an amended financial statement providing further information as to (a) the amount of equity, if any, in her home and (b) her current sources of income, if any, or (2) pay the $350 filing fee to the Clerk of the Court by 2/21/08. If Ms. Olden-Coe files an amended financial statement by 2/14/08, she need not pay any filing fee with the Clerk of the Court until further order of this Court.

Second, in reviewing the petition we apply the standard used in a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and dismiss a claim only if it appears beyond a doubt that there exist no facts to support the allegations. *See Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). Complaints by *pro se* parties are held to less stringent standards than pleadings drafted by lawyers. *See Alvarado v. Itscher,* 267 F.3d 648, 651 (7th Cir. 2001). Based upon Ms. Olden-Coe's complaint on its face, it appears that Ms. Olden-Coe has sufficiently stated her claims to survive the federal pleading standards. As noted above, Ms. Olden-Coe alleges employment discrimination claims under Title VII and disability claims under the American Disabilities Act ("ADA") related to her termination from employment by Defendant, including unlawful retaliation claims. Supporting her Title VII claims, Ms. Olden-Coe received right-to-sue letters from the EEOC which she attached to her complaint, a procedural prerequisite to filing a Title VII suit in federal court. *See Movement for Opportunity & Equality v. General Motors Corp.*, 622 F.2d 1235, 1240 (7th Cir. 1980). Specifically, Ms. Olden-Coe alleges that she was improperly discharged on 8/26/05 because of her physical disability and unlawful retaliation related to an injury which occurred on the job, that she was subjected to unequal terms and conditions of employment such as reduced hours based upon her sex and race, and that she was again discharged on 6/16/06 because of her physical disability and unlawful retaliation. See*, e.g.,*Complaint (DE 1) at 8, 12, 13. The facts alleged are sufficient for Plaintiff to state a claim and survive dismissal at this stage.

At this time, the Court denies without prejudice Ms. Olden-Coe's application for leave to proceed *in forma pauperis* based upon the insufficiencies in her financial affidavit noted above. In light of the Court's denial without prejudice of Ms. Olden-Coe's IFP application, and the further directives pertinent to renewal of that application set forth in this minute order, the Court will enter and continue Ms. Olden-Coe's motion for appointment of counsel and will issue a ruling on that motion after the renewed application for leave to proceed *in forma pauperis* is resolved.