FILED
FEB 1 2 2008  YM

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT.

10/10/2007

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

IN FORMA PAUPERIS APPLICATION
AND
FINANCIAL AFFIDAVIT

FEB 1 2 2008

Angeh Olden-Coe
Plaintiff

v.

Wendy's International Incorporated
Defendant(s)

CASE NUMBER 07 CV 7195
JUDGE

Wherever ☐ is included, please place an X into whichever box applies. Wherever the answer to any question requires more information than the space that is provided, attach one or more pages that refer to each such question number and provide the additional information. Please PRINT:

I, Angel Olden-Coe, declare that I am the ☒plaintiff ☐petitioner ☐movant (other_____) in the above-entitled case. This affidavit constitutes my application ☐ to proceed without full prepayment of fees, or ☐ in support of my motion for appointment of counsel, or ☒ both. I also declare that I am unable to pay the costs of these proceedings, and that I am entitled to the relief sought in the complaint/petition/motion/appeal. In support of this petition/application/motion/appeal, I answer the following questions under penalty of perjury:

1. Are you currently incarcerated?   ☐Yes   ☒No   (If "No," go to Question 2)
   I.D. #_____ Name of prison or jail: _____
   Do you receive any payment from the institution? ☐Yes ☐No   Monthly amount: _____

2. Are you currently employed?   ☐Yes   ☒No
   Monthly salary or wages: _____
   Name and address of employer: _____

   a. If the answer is "No":
      Date of last employment: Oct 13/2007
      Monthly salary or wages: 4,200.00 Monthly Gross
      Name and address of last employer: Taco Bell

   b. Are you married?   ☐Yes   ☒No
      Spouse's monthly salary or wages: _____
      Name and address of employer: _____

3. Apart from your income stated above in response to Question 2, in the past twelve months have you or anyone else living at the same residence received more than $200 from any of the following sources? Mark an X in either "Yes" or "No", and then check all boxes that apply in each category.

   a. Salary or wages                              ☐Yes   ☒No
      Amount_____ Received by_____

b.  ☐ Business, ☐ profession or ☐ other self-employment  ☐ Yes  ☒ No
Amount _____ Received by _____

c.  ☐ Rent payments, ☐ interest or ☐ dividends  ☐ Yes  ☒ No
Amount _____ Received by _____

d.  ☐ Pensions, ☐ social security, ☐ annuities, ☐ life insurance, ☒ disability, ☐ workers' compensation, ☐ unemployment, ☐ welfare, ☐ alimony or maintenance or ☐ child support
Amount _Monthly $1,100⁰⁰_ Received by _Dec 2002 to Sept 2007_  ☐ Yes  ☐ No

e.  ☐ Gifts or ☐ inheritances  ☐ Yes  ☒ No
Amount _____ Received by _____

f.  ☐ Any other sources (state source: _____)  ☐ Yes  ☒ No
Amount _____ Received by _____

4. Do you or anyone else living at the same residence have more than $200 in cash or checking or savings accounts?  ☐ Yes  ☒ No  Total amount: _____
In whose name held: _____ Relationship to you: _____

5. Do you or anyone else living at the same residence own any stocks, bonds, securities or other financial instruments?  ☐ Yes  ☒ No
Property: _____  Current Value: _____
In whose name held: _____ Relationship to you: _____

6. Do you or anyone else living at the same residence own any real estate (houses, apartments, condominiums, cooperatives, two-flats, three-flats, etc.)?  ☒ Yes  ☐ No
Address of property: _9100 Magnolia_
Type of property: _home_  Current value: _180,000⁰⁰_
In whose name held: _Self_  Relationship to you: _@ $1,400⁰⁰ per month_
Amount of monthly mortgage or loan payments: _____
Name of person making payments: _Plaintiff_

7. Do you or anyone else living at the same residence own any automobiles, boats, trailers, mobile homes or other items of personal property with a current market value of more than $1000?  ☒ Yes  ☐ No
Property: _Buick Custom LoSable_
Current value: _8000⁰⁰_
In whose name held: _Self_  Relationship to you: _____

8. List the persons who are dependent on you for support, state your relationship to each person and indicate how much you contribute monthly to their support. If none, check here ☐ No dependents
_Nadia  10 yrs old  daughter - $300⁰⁰_
_Nevin  5 yrs old  son - $150⁰⁰_
_Neil  16 yrs old  son - $100⁰⁰_

I declare under penalty of perjury that the above information is true and correct. I understand that pursuant to 28 U.S.C. § 1915(e)(2)(A), the court shall dismiss this case at any time if the court determines that my allegation of poverty is untrue.

Date: 12/13/07

*Angel Olden-Coe*
Signature of Applicant

*Angel Olden-Coe*
(Print Name)

---

**NOTICE TO PRISONERS:** A prisoner must also attach a statement certified by the appropriate institutional officer or officers showing all receipts, expenditures and balances during the last six months in the prisoner's prison or jail trust fund accounts. Because the law requires information as to such accounts covering a full six months before you have filed your lawsuit, you must attach a sheet covering transactions in your own account--prepared by each institution where you have been in custody during that six-month period--and you must also have the Certificate below completed by an authorized officer at each institution.

**CERTIFICATE**
(Incarcerated applicants only)
(To be completed by the institution of incarceration)

I certify that the applicant named herein, _____, I.D.# _____, has the sum of $_____ on account to his/her credit at (name of institution) _____.
I further certify that the applicant has the following securities to his/her credit: _____. I further certify that during the past six months the applicant's average monthly deposit was $_____.
(Add all deposits from all sources and then divide by number of months).

_____          _____
DATE                              SIGNATURE OF AUTHORIZED OFFICER

                                  _____
                                  (Print name)

rev. 10/10/2007

THE LAW OFFICES OF
# STUART B. HANDELMAN
A PROFESSIONAL CORPORATION

WWW.CHICAGOLANDBANKRUPTCY.COM

Stuart B. Handelman
Jean M. Huang
Kelly Smith

332 S. Michigan Avenue, Suite 1020
Chicago, Illinois 60604-4398
Telephone (312) 360-0500
Fax (312) 360-1033

## CONTRACT FOR CHAPTER 7 BANKRUPTCY SERVICES

I, (the Debtor, whether one or more parties), hereby retain The Law Offices of Stuart B. Handelman, P.C. ("The Attorney") to represent me in a Chapter 7 bankruptcy. I hereby give permission to The Firm to hire co-counsel, or independent contractors in my Chapter 7 bankruptcy. Debtor acknowledges receiving a copy of this contract.

The parties agree as follows:

1. Type of Bankruptcy.

Debtor retains Attorney to file a Chapter 7 bankruptcy case. If the Debtor determines at a later date that the Debtor desires to file a Chapter 13 bankruptcy case, the parties shall execute a new fee contract setting forth the terms of such representation.

2. Base Attorney Fees.

The base attorney fee for filing the Chapter 7 bankruptcy case is $ _1295.00_. Debtor agrees to pay the base attorney fee by the agreed date of _12-31-07_. In the event the base attorney fee is not paid in full by agreed date, the base fee will increase $200.00 per month. **ALL RETURNED CHECKS ARE SUBJECT TO A $25.00 PROCESSING FEE.**

The base fee is based on the following assumptions:

(a) The Debtor has provided the Attorney with complete and accurate information.
(b) The Debtor's circumstances, particularly the Debtor's Current Monthly Income as defined by the Bankruptcy Code, does not change prior to the actual filing of the Chapter 7 Bankruptcy case.
(c) The Debtor must pay the fee prior to the filing of the case. Debtor understands that no bankruptcy protection is in effect until the case is filed with the court.

If any of these assumptions prove to be inaccurate, and as a result the amount of legal services provided by the Attorney is increased, then the base attorney fee shall be increased accordingly and to compensate the Attorney for the additional time and services in providing the legal services. At such time, the parties must execute a supplement to this Agreement. If the Debtor refuses to sign such a supplement, then the Attorney-Debtor relationship shall be terminated and no Chapter 7 bankruptcy Case will be filed for Debtor by the Attorney.

Page 1 of 6

Initials _A_ _C_

## IMPORTANT INFORMATION ABOUT BANKRUPTCY ASSISTANCE SERVICES FROM AN ATTORNEY OR BANKRUPTCY PETITION PREPARER.

If you decide to seek bankruptcy relief, you can represent yourself, you can hire an attorney to represent you, or you can get help in some localities from a bankruptcy petition preparer who is not an attorney. THE LAW REQUIRES AN ATTORNEY OR BANKRUPTCY PETITION PREPARER TO GIVE YOU A WRITTEN CONTRACT SPECIFYING WHAT THE ATTORNEY OR BANKRUPTCY PETITION PREPARER WILL DO FOR YOU AND HOW MUCH IT WILL COST. Ask to see the contract before you hire anyone.

The following information helps you understand what must be done in a routine bankruptcy case to help you evaluate how much service you need. Although bankruptcy can be complex, many cases are routine.

Before filing a bankruptcy case, either you or your attorney should analyze your eligibility for different forms of debt relief available under the Bankruptcy Code and which form of relief is most likely to be beneficial for you. Be sure you understand the relief you can obtain and its limitations. To file a bankruptcy case, documents called a Petition, Schedules and Statement of Financial Affairs, as well as in some cases a Statement of Intention need to be prepared correctly and filed with the bankruptcy court. You will have to pay a filing fee to the bankruptcy court. Once your case starts, you will have to attend the required first meeting of the creditors where you may be questioned by a court official called a 'trustee' and by creditors.

If you choose to file a chapter 7 case, you may be asked by a creditor to reaffirm a debt. You may want help deciding whether to do so. A creditor is not permitted to coerce you into reaffirming your debts.

If you choose to file a chapter 13 case in which you repay your creditors what you can afford over 3 to 5 years, you may also want help with preparing your chapter 13 plan and with the confirmation hearing on your plan which will be before a bankruptcy judge.

If you select another type of relief under the Bankruptcy Code other than chapter 7 or chapter 13, you will want to find out what should be done from someone familiar with that type of relief.

Your bankruptcy case may also involve litigation. You are generally permitted to represent yourself in litigation in bankruptcy court, but only attorneys, not bankruptcy petition preparers, can give you legal advice.

_Oct. 3, 2007_
Date

_Angel Alden-Coe_
Client #1

**If this is a joint case:**

_____
Client #2

### Disclosure Pursuant to 11 U.S.C. §527(a)(2)

You are notified:

1  All information that you are required to provide with a petition and thereafter during a case under the Bankruptcy Code is required to be complete, accurate, and truthful.

2  All assets and all liabilities are required to be completely and accurately disclosed in the documents filed to commence the case. Some places in the Bankruptcy Code require that you list the replacement value of each asset. This must be the replacement value of the property at the date of filing the petition, without deducting for costs of sale or marketing, established after a reasonable inquiry. For property acquired for personal, family, or household use, replacement value means the price a retail merchant would charge for property of that kind, considering the age and condition of the property.

3  The following information, which appear on Official Form 22, Statement of Current Monthly Income, are required to be stated after reasonable inquiry: current monthly income, the amounts specified in section 707(b)(2), and, in a case under chapter 13 of the Bankruptcy Code, disposable income (determined in accordance with section 707(b)(2)).

4  Information that you provide during your case may be audited pursuant to provisions of the Bankruptcy Code. Failure to provide such information may result in dismissal of the case under this title or other sanction, including criminal sanctions.

_Oct. 3, 2007_
Date

_Angel Elder-Coe_
Client #1

**If this is a joint case:**

_____
Client #2

IN THE CIRCUIT COURT FOR THE 12TH JUDICIAL DISTRICT
WILL COUNTY - JOLIET, ILLINOIS

Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2006-WL3
PLAINTIFF

Vs.

No. 07 CH 3270

Angel Olden-Coe a/k/a Angel S. Olden-Coe; et. al.
DEFENDANTS

### NOTICE OF MOTION

TO: Angel Olden-Coe a/k/a Angel S. Olden-Coe, 1100 Magnolia Avenue, Joliet, IL 60432;
Angel Olden-Coe a/k/a Angel S. Olden-Coe (MA), P.O. Box 2142, Joliet, IL 60434;
Washington Mutual Bank as Successor in interest to Long Beach Mortgage Company, 4724 W. Sahara Avenue, Suite 2-949 FCNV, Las Vegas, NV 89102;
Unknown Owners and Nonrecord Claimants, 1100 Magnolia Avenue, Joliet, IL 60432;

On 2/11/08, I shall appear before the Honorable Richard J. Siegel or any judge sitting in his or her stead at 1:30pm or as soon thereafter as counsel may be heard in Room 129 or in a courtroom otherwise designated on that date in the Courthouse for the Circuit Court of Will County, Illinois,
at: Will County Courthouse
57 North Ottawa Street
Joliet, IL 60432

and shall then and there present the enclosed Motion for Default, Motion to Dismiss Unknown Owners and Nonrecord Claimants, and Judgment of Foreclosure and Sale.

Name:     CODILIS & ASSOCIATES, P.C.
          Attorneys for Plaintiff
Address:  15W030 North Frontage Road, Suite 100
          Burr Ridge, IL 60527

I, the undersigned, a non attorney, certify that I served a copy of Notice, and above mentioned motion(s) to the above on February 1, 2008, before the hour of 5:00 p.m. by causing same to be deposited in the U.S. Mail at 7140 Monroe Street, Willowbrook, IL 60527, in properly addressed envelopes, postage prepaid.

[signature]

SUBSCRIBED and SWORN to
before me February 1, 2008.

[signature]
NOTARY PUBLIC

OFFICIAL SEAL
CHRISTINA MENDOZA
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:01/30/10

14-07-M304

**NOTE: Pursuant to the Fair Debt Collection Practices Act you are advised that this law firm is deemed to be a debt collector attempting to collect a debt and any information obtained will be used for that purpose.**

IN THE CIRCUIT COURT FOR THE 12TH JUDICIAL DISTRICT
WILL COUNTY - JOLIET, ILLINOIS

| | |
|---|---|
| Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2006-WL3<br>PLAINTIFF<br><br>Vs.<br><br>Angel Olden-Coe a/k/a Angel S. Olden-Coe; et. al.<br>DEFENDANTS | No. 07 CH 3270 |

### MOTION TO DISMISS PARTY DEFENDANT

NOW COMES the Plaintiff, Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2006-WL3, by and through its Attorneys, Codilis & Associates, P.C., and moves this Honorable Court for the entry of an Order instanter dismissing the defendant(s), Unknown Owners and Nonrecord Claimants, as a party defendant in the above-captioned cause.

CODILIS & ASSOCIATES, P.C.

BY:_____
Attorney for Plaintiff

Bill McAlister
Codilis & Associates, P.C.
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300

14-07-M304

**NOTE: Pursuant to the Fair Debt Collection Practices Act you are advised that this law firm is deemed to be a debt collector attempting to collect a debt and any information obtained will be used for that purpose.**

3.  Refund of Percentage of Base Fee.

In the event the legal services provided for herein are terminated by either party prior to the filing of a Chapter 7 bankruptcy case, then the Debtor may be entitled to a refund of some of the base fee. The refund shall be determined by the number of hours devoted by Attorney to the case prior to the time of termination computed at the rate of $300.00 per hour; by the time devoted to the case by the Legal Assistants of Attorney computed at the rate of $125.00 per hour; by adding all expenses incurred (such as copies, postage, securing records and documents, tax transcripts, credit reports, etc); and then by deducting the total amount of all charges from the Base Fee. If the event the total of all such fees and charges exceed the Base Fee, the Debtor's liability shall be limited to the amount of the Base Fee.

4.  Debtor's Obligations to Pay Designated Costs.

The Debtor shall be obligated to pay the following costs related to the filing of a Chapter 7 bankruptcy case. The costs are as follows:

(a) The fee of $299.00 charged by the Bankruptcy Court to file a Chapter 7 bankruptcy case.
(b) The cost of pre-filing consumer credit counseling, which is a prerequisite to filing for bankruptcy relief, which is approximately $50.00 for an individual and no more than $75.00 for a husband and wife.
(c) The cost of a post-filing instructional course concerning personal financial management, which is a prerequisite to obtaining the Discharge of debts in a Chapter 7 case. The amount of this fee is not known at this time but should be consistent with the pre-filing credit counseling fees.
(d) The cost of obtaining any consumer credit reports.
(e) The cost of obtaining tax returns or tax transcripts directly from the taxing authorities or from any third-party provider.
(f) The cost of obtaining copies of judgments, deeds, deeds of trust, title certificates, court papers, county tax records, and other similar documents.
(g) The cost of securing any prior court records from the PACER system for federal cases.
(h) The cost of securing any other records or statements not otherwise produced by or available to the Debtor.
(i) Additionally, Debtor agrees to be prompt and attend all scheduled office consultations, including the appointment to sign the petition. Debtor understands that a fee of $100.00 will be assessed if Debtor fails to appear or cancels an appointment within 1 business day of the scheduled meeting.

5.  Services provided Under the Attorney's Base Fee.

The services of the attorney included in the base fee are those normally contemplated for a Chapter 7 case. They include the services listed below:

(a) All services reasonably necessary to fully inform the Debtor of the Debtor's rights and responsibilities under the Bankruptcy Laws.
(b) All services reasonably necessary to enable the Debtor to make an informed decision about the filing of a Chapter 7 bankruptcy case.
(c) Advising the Debtor of all available exemptions under any applicable law and assisting the Debtor in claiming the exemptions that best serve the Debtor's needs and desires.
(d) Assisting the Debtor in complying with all of the requirements imposed by the Bankruptcy Laws, the Bankruptcy Rules, or any Local Bankruptcy Rules.
(e) Preparation and electronic filing of petition, schedules, supplemental local forms, and mailing matrix.

(f) Drafting and mailing notice to creditors advising of filing of case.
(g) Drafting and mailing to you a letter regarding your attendance at the Section 341 meeting of creditors and your other responsibilities.
(h) Preparation for and attendance at Section 341 meeting, either by an employee or an independent contractor.
(i) Filing of any motions to avoid non-purchase money liens on exempt household goods and judgment liens that impair exempt property.
(j) Assisting the Debtor in carrying out the Debtor's Statement of Intentions, provided that the Debtor pays the Non-Base Fee for any redemptions.
(k) Assisting the Debtor in complying with all proper and timely requests for information and/or documents by the Bankruptcy Trustee, the Bankruptcy Administrator, the Court, or other parties involved in the case.
(l) Communicating as necessary with the creditors and other parties involved in the case (including their attorneys) to facilitate the administration of the case and the application of the Automatic Stay.

6. **The Law Firm will not represent the Client(s) in any reaffirmation hearings where attorney believes the filing of such agreement constitutes an undue hardship and is not in the best interests of the Client(s).** A reaffirmation agreement is a legally valid contract that if the Client(s) defaults post-discharge he/she could lose the collateral that is the subject of the agreement. A debt that is reaffirmed is not discharged in your bankruptcy case. The Client(s) has 60 days after an agreement is filed with the Court to rescind said agreement. If the Client(s) desires to reaffirm a debt, the Client(s) must file a proper motion with the Court. The Client(s) may do this without an attorney. If the Client(s) does not have a separate attorney to sign the certification, then the Client must get the Court to approve the agreement.

**THE LAW FIRM WILL NOT CERTIFY ANY REAFFIRMATION AGREEMENTS WHERE THE BANKRUPTCY SCHEDULES SHOW THAT THE CLIENT(S) = MONTHLY INCOME IS LESS THAN THE CLIENT(S) = MONTHLY EXPENSES, REGARDLESS OF ANY OTHER CIRCUMSTANCES.**

7. Compensation for Non-Base Legal Services.

For such non-base services, you may be charged without any further notice and in the discretion of the Court non-base fees for the following services and in the amounts noted:

(a) Amendments to Schedules & Court Fee      $126.00
(b) Motion to continue the 341 meeting       $350.00
(c) Defending a motion for relief from stay  $450.00
(d) Motion for Redemption                    $350.00
(e) Motion to continue the Automatic Stay    $450.00
(f) Motion to Avoid a Lien or Judgment       $495.00
(g) With respect to all other mattes, other than the contingent fee cases described below, the Attorney will keep time and expense records for any non-base service and apply to the Court for the approval of the fee plus all expenses incurred. The current hourly fee for your Attorney is $255.00 and the current hourly fee for his Legal Assistant is $125.00.
(h) The attorney will be entitled to a contingency fee equal to 50% of any actual recovery from any party for a violation of the automatic stay, the discharge injunction, or for breach of any state or federal consumer protection statutes.

8.   Expenses.

The Attorney shall be entitled to apply to the Court for approval of any expenses related to your case for base fee or non-base fee services. Such expenses include but are not limited to court fees, telephone fees, fax fees, copy fees, postage fees, PACER fees, electronic or other research fees. In the Court's discretion, the Attorney may request without any notice or documentation a blanket expense of $1.00 for each item noticed to creditors as an expense for postage, copying and envelopes.

9.   Payment of Base and Non-Base Fees.

   (a)   The Base Fee shall be paid in full prior to the time the Attorney begins any actual work on the Chapter 7 Petition and Schedules.
   (b)   All fixed Non-Base fees must be paid in Advance of the Service by the Debtor.
   (c)   Fees for services based on time and expenses shall be paid within 30 days of the Debtor's receipt of the bill for such services; provided, however, that the Attorney may require the payment of a retainer fee for non-base services that are expected to require more than 2 hours of the Attorney's time.
   (d)   The Debtor understands that if the Debtor does not pay the non-base fees as provided in this Agreement then the Attorney has no obligation to provide the non-base services and has the right to file a motion to withdraw as the attorney for the debtor in the Chapter 7 case, the contested case, or the adversary proceeding.

10.   Means Test Services.

With respect to the "means test" provisions imposed by Section 707(b) of the Bankruptcy Code, the base fee charged in this case is based on one of the four assumptions set forth below. The assumption that applies is designated by the assumption that applies is designated by the initials of the Debtor placed after the Assumption.

   (a)   The Debtor's debts are not primarily consumer debts and therefore the "means test" does not apply. The parties assume that no issues concerning the "means test" will arise in this case.
   (b)   The Debtor's current monthly income as defined by the Bankruptcy Code is below the median income. The parties assume that no issues concerning the "means test" will arise in this case.
   (c)   The Debtor's current monthly income as defined by the Bankruptcy Code is above the median income but the Debtor's expenses, as calculated under Section 707(b)(2)(A) are sufficient to rebut the presumption that the filing of a Chapter 7 case would be an abuse of the Bankruptcy laws. The parties assume that no issues concerning the "means test" will arise in this case.
   (d)   A presumption of Bankruptcy abuse does arise in this case, but the Debtor and the Attorney will attempt to rebut the presumption by demonstrating extraordinary circumstances pursuant to Section 707(b)(2)(B) of the Bankruptcy Code. Attached to this Agreement is an Addendum setting forth an explanation of the Debtor's obligations in demonstrating extraordinary circumstances and the details of the parties' Agreement concerning fees for proceedings related to the establishment of extraordinary circumstances.

11.   Debtor's Obligations.

The Debtor's obligations are as follows:

   (a)   To promptly pay all Base and Non-Base Legal fees and charges.
   (b)   To provide the Attorney with all requested documents, bills statements, payment advices, bank records, tax returns, tax bills, appraisals, retirement and savings account, and income information and to sign any and all necessary forms to allow the Attorney to secure such documentation.

Page 4 of 6                                    Initials _A_ _C_

- (c) To provide accurately and honestly all of the information necessary to prepare and file the Chapter 7 bankruptcy case, and other motions or proceedings arising during the course of the case.
- (d) To timely respond to all letters, emails and telephone calls from the Attorney or any member of his staff.
- (e) To keep the Attorney advised at all times of the Debtor's mailing and physical addresses, telephone numbers, and email addresses.
- (f) To appear at the first meeting of creditors (the 341 meeting) and at any other court hearings or meetings as may be required by the Court or any other party.
- (g) To keep all scheduled office appointments with the Attorney and to notify the Attorney in advance of any problems with the timing and scheduling or rescheduling of such appointments.
- (h) To contact the attorney by Telephone with the understanding that the Attorney is only able to return calls between the hours of 8:00 a.m. to 9:30 a.m. and 4:00 p.m. to 6:00 p.m. If the Attorney is available when the call is actually received, then the call will be taken at that time. However, if you have to leave a message for the Attorney then you must provide a number that you can be reached at during the designated times. The Attorney or Legal Assistant will make every effort to return all such telephone calls within 48 hours, excluding weekends and holidays.
- (i) To provide any information requested of the Debtor by the Chapter 7 Trustee, the Bankruptcy Administrator, or any other party in the case, unless the Court rules that the Debtor is not required to provide such information.
- (j) To respond as soon as possible to any requests for the Debtor by the Attorney or his Legal Assistant.
- (k) To sign a tax authorization form to authorize the Attorney to get copies of income tax returns from the respective taxing agencies for a period of four (4) years prior to the filing of your bankruptcy case.
- (l) To provide current bank account information to include monthly statements as requested and online account balances as of the date of the signing of your bankruptcy petition packet.

12. Attorney Withdrawal from Chapter 7 case, Adversary Proceeding or Contested Matter.

Pursuant to the Local Rules of the Bankruptcy Court, the Attorney shall remain the responsible attorney of record for the Debtor in all matters in the case until the case is closed, dismissed or the discharge is entered or until the Attorney is relieved from such representation by order of the Court. The parties agree that just reasons for the Attorney to withdraw from the representation of the Debtor, include but are not limited to the following:

- (a) The failure of the Debtor to provide complete, truthful and accurate information to the Attorney.
- (b) The failure of the Debtor to comply with the Debtor's obligations as provided for in this Agreement and in the Local Rules.
- (c) The failure of the Debtor to comply with any of the obligations imposed on the Debtor by the Bankruptcy Code and the Bankruptcy Rules.
- (d) The failure or refusal of the Debtor to comply with the Debtor's obligations to provide any supplemental information to the Court or to the Chapter 7 Trustee or to correct any incorrect or incomplete information previously provided to the Court or the Trustee.
- (d) The failure of the Debtor to provide complete, truthful and accurate information to the Court, the Chapter 7 Trustee.
- (e) The failure of the Debtor to pay for all Non-Base fee services.
- (f) If the Debtor are husband and wife, then any separation, serious domestic dispute, or divorce of the parties.
- (g) Any irreconcilable conflict between the Attorney and the Debtor with respect to the case.

13.   Non-Discharge of Certain Debts.

I have been told that some debts are not discharged by a Chapter 7 bankruptcy. I understand that **some** of the debts that are not dischargeable are (1) Certain tax debts and other debts or fines owed to governmental units, including parking tickets (2) Debts incurred by fraudulent means, including but not limited to, recent cash advances and other recent usage, (3) Accidents while driving under the influence of drugs or alcohol, (4) Alimony and child support, (5) judgment liens and liens on property, (6) Intentional torts, and (7) Credit card charges used to pay State or Federal Taxes, (8) Student Loans owed to the government and non-government agencies.

**Debtor has been informed, and fully understands, the following restrictions regarding receiving a discharge in another bankruptcy once Debtor receives a discharge in this bankruptcy:**

(a) A chapter 7 Debtor may not be granted a discharge if a discharge was received under chapter 7 in a case filed within eight years of the filing of a chapter 7 petition.  (Eight years between chapter 7 discharges).

(b) A chapter 13 Debtor may not be granted a discharge if he/she received a discharge in a previous chapter 7, 11 or 12 filed within four years of the filing of a chapter 13. (Four years between chapter 7 and then a chapter 13 discharge).

Dated:  10-3-07

By:  _Kelly Smith_
The Law Offices of Stuart B. Handelman, P.C.

Dated:  10-3-07

Debtor:  _Angel Olden Col_

If a Joint Case:

Dated:  _____

Debtor:  _____

Page 6 of 6                               Initials _A C_