## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 7195 | **DATE** | 2/28/2008 |
| **CASE TITLE** | Olden-Coe vs. Wendy's Int'l | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, Plaintiff's renewed motion to proceed in forma pauperis (DE 8) is GRANTED and Plaintiff's motion for appointment of counsel (DE 5) is DENIED without prejudice at this time. The Court directs the U.S. Marshal's office to effect service of Ms. Olden-Coe's complaint on Defendant.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

In a Minute Order dated 1/31/08 (DE 6), the Court directed Plaintiff Angel Olden-Coe either (i) to file an amended financial statement in support of her application for leave to proceed in forma pauperis or (ii) to pay the filing fee. Ms. Olden-Coe submitted an amended financial statement providing further information as to her current financial status. Based on the representations in Ms. Olden-Coe's letter to the Court (DE 7) and amended financial affidavit (DE 8), the Court grants her application for leave to proceed in forma pauperis and requests that the U.S. Marshal's office effect service of her complaint.

The Court previously had entered and continued Ms. Olden-Coe's motion for appointment of counsel (DE 5). For the reasons stated below, the Court now denies that motion without prejudice.

Indigent parties in civil rights actions who are unable to obtain an attorney may apply to the court for appointment of counsel under 28 U.S.C.§ 1915(e)(1). However, civil litigants have no constitutional or statutory right to counsel in federal court. See *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002); *Merritt v. Faulkner,* 697 F. 2d 761, 763 (7th Cir. 1983). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004) (citing 28 U.S.C. § 1915(e)(1)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997).

In deciding whether to appoint counsel, the court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656 (quoting *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992)). If so, the Court must consider: (1) whether, given the degree of difficulty of the case, the plaintiff appears competent to try it himself or herself; and (2) whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Gil*, 381 F.3d at 656 (relying on *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)). The Court should consider the capabilities of Plaintiff to litigate his or her own case in deciding whether or not to appoint counsel. *Pruitt v.*

**STATEMENT**

*Mote*, 503 F. 3d 647, 654-55 (7th Cir. 2007) (en banc).  It should also be noted that the Court grants *pro se* litigants wide latitude in the handling of their lawsuits.

After considering the pertinent factors, the Court concludes that appointment of counsel is not warranted at this time.  Although Ms. Olden-Coe appears to have made reasonable (though unsuccessful) efforts to retain counsel, the Court cannot determine at this early stage of the case whether Ms. Olden-Coe would be capable of trying this case herself or whether assistance of counsel would provide a substantial benefit to the Court or the parties.  Therefore, Ms. Olden-Coe's motion for appointment of counsel is denied without prejudice. The court may reconsider the appointment of counsel issue at a later stage of the case if it appears that the standards set forth in *Pruitt* and *Gil* are satisfied.