IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANGEL OLDEN-COE,           )<br>                                              )<br>    Plaintiff,                        )<br>                                              )     07 C 7195<br>v.                                           )<br>                                              )     Judge Dow<br>WENDY'S INTERNATIONAL, INC.,  )     Magistrate Judge Cox<br>                                              )<br>    Defendant.                     ) | |

### ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND

Defendant, WENDY'S INTERNATIONAL, INC. ("Defendant"), by its attorneys Joshua G. Vincent and Melina T. Hipskind of Hinshaw & Culbertson LLP, states the following as its Answer, Affirmative Defenses, and Jury Demand:

1. This is an action for employment discrimination.

**ANSWER:** Defendant admits the allegation contained in paragraph one (1) of plaintiff's complaint.

2. The plaintiff is Angel Olden-Coe of the county of Will in the state of Illinois.

**ANSWER:** Defendant admits that Angel Olden-Coe is the plaintiff, but is without knowledge or sufficient information to form a belief as to the truth or falsity of the allegations concerning Plaintiff's place of residence and therefore denies said allegations.

3. The defendant is Wendy's International, Inc., whose street address is 40 Shuman Blvd., Ste. 130, (city) Naperville, (county) DuPage, (state) Illinois, (ZIP) 60563, (Defendant's telephone numer) (630) 961-5800.

**ANSWER:** Defendant admits that it is the defendant in this action and that it has a Division Office located at 40 Shuman Blvd., Ste. 130, Naperville, Illinois 60563, but further states that its headquarters are located at 4288 W. Dublin Granville Road in Dublin, Ohio.

4. The plaintiff sought employment or was employed by the defendant at (street address) Wendy's Restaurant, (city) Romeoville, (county) Will, (state) Illinois, (ZIP code) 60446.

**ANSWER:** Defendant admits only that the plaintiff was employed at one time by Defendant at one of its Romeoville, Illinois restaurants ("Romeoville II"). Defendant denies the remaining allegations contained in paragraph four (4) of plaintiff's complaint.

5. The plaintiff was employed but is no longer employed by the defendant.

**ANSWER:** Defendant admits the allegations contained in paragraph five (5) of plaintiff's complaint.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, August 26, 2005 thru [sic] 6/16/06.

**ANSWER:** Defendant denies the allegations contained in paragraph six (6) of plaintiff's complaint.

7. 7.1 (a) The defendant is not a federal governmental agency, and the plaintiff has filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies: (i) the United States Equal Employment Opportunity Commission, on or about 10/12/05 and 9/19/2006; (ii) the Illinois Department of Human Rights, on or about 10/12/05 and 9/19/2006. (b) If charges *were* filed with an agency indicated above, a copy of the charge is attached. It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

**ANSWER:** Defendant admits that it is not a federal governmental agency and that the plaintiff filed charges against defendant asserting the acts of discrimination indicated in this complaint with the Equal Employment Opportunity Commission and the Illinois Department of

Human Rights on or about the dates specified. Defendant further admits that the charges plaintiff filed with the Illinois Department of Human Rights are attached to plaintiff's complaint, but denies that the charges filed with the Equal Employment Opportunity Commission are attached to the complaint.

8. The United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on 9/24/07 and 10/30/2007, a copy of which *Notice* is attached to this complaint.

**ANSWER:** Defendant admits that the United States Equal Employment Opportunity Commission issued two Notices of Right to Sue, one on September 24, 2007, and another on October 30, 2007, and that such notices are attached to plaintiff's complaint. Defendant is without knowledge or sufficient information to form a belief as to the truth or falsity of the allegations concerning the dates on which plaintiff received such notices, and therefore denies said allegations.

9. The defendant discriminated against the plaintiff because of the plaintiff's: Disability (Americans with Disabilities Act or Rehabilitation Act), Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981), Sex (Title VII of the Civil Rights Act of 1964), and Unlawful Retaliation.

**ANSWER:** Defendant denies the allegations contained in paragraph nine (9) of plaintiff's complaint.

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. §1983).

**ANSWER:** Defendant is not a state, county, municipal (city, town or village) or other local governmental agency; therefore, defendant makes no response to paragraph ten (10) of plaintiff's complaint.

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C. §1331, 28 U.S.C. §1343(a)(3), and 42 U.S.C. §2000e-5(f)(3); for 42 U.S.C. §1981 and §1983 by 42 U.S.C. §1988; for the A.D.E.A. by 42 U.S.C. §12117; for the Rehabilitation Act, 29 U.S.C. §791.

**ANSWER:** Defendant admits only that this Court has jurisdiction over plaintiff's Title VII, §1981, and ADA claims pursuant to the applicable federal statutes. Defendant denies the remaining allegations contained in Paragraph eleven (11) of plaintiff's complaint.

12. The defendant terminated the plaintiff's employment twice.

**ANSWER:** Defendant denies that it terminated the plaintiff's employment twice, and affirmatively states that it terminated plaintiff's employment once.

13. Plaintiff contends that defendant (1) discharged her on Aug. 26, 2005 because of (A) Physical disabilities, (B) unlawful retaliation; (2) unequal terms and conditions of employment because of her sex, Female, race, Black; (3) unlawful termination on 6/16/2006 because of unlawful retaliation and her on-going physical disability, a long term back condition; (4) Complainant incorporates by reference both of her attached charges of discrimination into this complaint.

**ANSWER:** Defendant denies all of the allegations contained in paragraph thirteen (13) of plaintiff's complaint, including all sub-parts and all allegations incorporated by reference in paragraph thirteen (13).

14. [*AGE DISCRIMINATION ONLY*] Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

**ANSWER:** Plaintiff has not alleged a claim for age discrimination; therefore, defendant makes no response to paragraph fourteen (14).

15. The plaintiff demands that the case be tried by a jury.

**ANSWER:** Defendant admits that plaintiff demands a jury trial.

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff:

(a) Direct the defendant to hire the plaintiff.

(b) Direct the defendant to re-employ the plaintiff.

(e) Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(g) If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) Grant such other relief as the Court may find appropriate.

**ANSWER:** Defendant denies that plaintiff is entitled to any of the relief requested in paragraph sixteen (16) of plaintiff's complaint.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff does not have a disability, as that term is defined by the Americans with Disabilities Act, in that her alleged back condition and migraine headaches do not substantially limit a major life activity.

2. Plaintiff is not a qualified individual with a disability, as that term is defined by the Americans with Disabilities Act, in that (1) her inability to work forty or more hours a week prevents her from fulfilling one of the essential functions of an Assistant Manager position at Defendant's place of business – to work a 48-hour work week, and (2) her lifting restriction of no more than five pounds prevents her from handling supplies and inventory, which often weigh greater than five pounds, which is another essential function of an Assistant Manager position.

3. Plaintiff's claims for damages should be denied to the extent she has failed to take reasonable actions to mitigate her actions, including by seeking comparable employment since her termination.

4.      Plaintiff's claims of race, sex, and disability discrimination, and unlawful retaliation should be denied because she failed to avail herself of the procedures outlined in Defendant's established policies prohibiting such discrimination in the workplace. These policies include (1) Defendant's Equal Employment Opportunity Policy prohibiting discrimination on the basis of race, color, gender, religion, national origin, age, disability, or any other status protected by law, (2) Defendant's Anti-Harassment Policy prohibiting harassing conduct that affects pay or benefits, interferes with an individual's work performance or creates a hostile, intimidating or offensive work environment, and (3) Defendant's Speak Out Program that provides employees with an avenue to bring forward concerns to a supervisor or Human Resources representative without fear of retaliation. Copies of such policies are given to all employees during orientation, and employees acknowledge receipt of the policies.

5.      Plaintiff's claim for damages for lost wages should be reduced by the amount of any earnings from other employers or sources since her termination from employment.

6.      Defendant reserves the right to amend its affirmative defenses and/or assert additional affirmative defenses at a later date.

WHEREFORE, Defendant, Wendy's International, Inc., respectfully requests judgment in its favor, that the plaintiff's Complaint be dismissed with prejudice, and for such further and other relief that this court deem just and proper.

## JURY DEMAND

Defendant demands a trial by jury.

Respectfully submitted,

WENDY'S INTERNATIONAL, INC.


By: <u>s/Melina T. Hipskind</u>
     One of the Attorneys for Defendant

Joshua G. Vincent
Melina T. Hipskind
Hinshaw & Culbertson LLP
222 N. LaSalle St., Suite 300
Chicago, IL 60601
312-704-3000

## **CERTIFICATE OF SERVICE**

    I, the undersigned attorney, certify that a true and correct copy of the foregoing document was (1) filed through the Court's CM/ECF system on April 28, 2008; and (2) mailed via U.S. Postal Service to the Plaintiff, who is appearing *pro se*, before 5:00 p.m. on April 28, 2008, at the following address of record:

    Angel Olden-Coe
    P.O. Box 2142
    Joliet, IL 60434

                              <u>s/Melina T. Hipskind</u>
                              Melina T. Hipskind

6310701v1 872563